NATHAN P. WHEELER as Administrator, etc., of ADALINE BROOKS, Deceased, Respondent, v. JAMES H. CROSBY, LYSANDER BROOKS and others, Appellants.

*Enforcement of a contract for the sale of lands made by a deceased person — right of his administrator to maintain an action therefor — when the tender of a deed is not necessary to the maintenance of such an action.*

The plaintiff, as the administrator with the will annexed of one Adaline Brooks, deceased, brought this action to compel the specific performance of a contract made by the deceased in her life-time, for the sale of certain land owned by her to certain of the defendants herein. The vendees had made all the payments that could be required, except that which was to be made on the delivery of the deed, which the heirs refused to execute. The heirs and the vendees were all made defendants to this action.

*Held*, that the action could be maintained, and that as the heirs refused to execute a deed the plaintiff was not obliged to tender one to the vendees before the commencement thereof.

APPEAL from a judgment in favor of the plaintiff, entered upon an order overruling a demurrer interposed by certain of the defendants herein.

This action was commenced in March, 1879, to compel the specific performance of a contract.

The complaint alleges that in March, 1866, one Adaline Brooks, now deceased, was the owner in fee and in possession of certain real estate described therein. That in said month she entered into a contract in writing for the sale thereof to James H. Crosby, one of the defendants, which contract is set forth in the complaint ; that by successive assignments from James H. Crosby, the defendants Emiline Crosby, James N. Crosby and Horatio S. Pope became interested in said contract, and that said contract has been partially performed by them ; that in August, 1876, said Adaline Brooks died, seized in fee of the land and premises, " leaving her surviving said defendant Lysander R. Brooks, her son, and said defendant Calvin Brooks, her husband, the only heirs at law of said Adaline Brooks and the persons to whom the fee of said lands descended ; " that the plaintiff was duly appointed administrator ; that the parties to the contract declined to pay anything more thereon until the execution and delivery to them of a sufficient deed, and that the defendants Brooks refused to execute such deed conveying their interest in said lands, though requested so to do.

That the defendants Crosby and Pope were requested to join with the plaintiff in the action, but refused.

The plaintiff demanded judgment that the defendants Brooks execute and deliver a deed, and that the other defendants accept the deed and pay the balance due upon the contract.

The defendants Lysander Brooks and Lydia Brooks, his wife, and Calvin Brooks demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. On the trial the demurrer was overruled and an interlocutory judgment was entered, from which the demurrants appealed.

*D. M. Powers,* for the appellants. The plaintiff cannot maintain an action for specific performance without first tendering a deed. (*Hinckley* v. *Smith*, 51 N. Y., 21 ; *Schroeppel* v. *Hopper*,

40 Barb., 425 ; *Adams* v. *Green,* 34 Barb., 176 ; *Moore* v. *Burrows,* 34 id., 173 ; *Thompson et al.* v. *Smith et al., Survivors, etc.,* 63 N. Y., 301.) The complaint does not allege that the real estate, the subject matter of the contract, was owned by Adaline Brooks as her separate estate ; and, therefore, it does not appear that she was competent·to make the contract. (*Nash* v. *Mitchell,* 71 N. Y., ALLEN, J., 202 ; *Manhattan B. and M. Co.* v. *Thompson,* 58 id., 80, 82, CHURCH, Ch. J. ; *The Corn Exchange Ins. Co.* v. *Babcock,* 42 id., 639; *Colvin* v. *Currier,* 22 Barb., 371.) The defendant Calvin Brooks, the husband of Adaline Brooks, deceased, and the father of Lysander Brooks, is entitled to an estate by the curtesy in the lands in question, of which the complaint says she died seized. He cannot be compelled to convey his title, and therefore the title contracted for cannot be conveyed to the vendees, and the vendees cannot be compelled to accept a title so incumbered. (*Hinckley* v. *Smith,* 51 N. Y., 21 ; *Vrooman* v. *Sheppard,* 14 Barb., 441 ; *Hatfield* v. *Sneden,* 54 N. Y., 280 ; 4 Kent's Com. 27 ; *Doolitte* v. *Eddy,* 7 Barb., 74 ; *Browning* v. *Home Ins. Co.,* 71 N. Y., 509 ; *Warner* v. *Blackman,* 4 Keyes, 487, 494.)

*Albert F. Gladding,* for the respondent.

*Per Curiam:*

Wheeler, administrator, was entitled under the will of testatrix to have and receive the moneys payable under the contract for the sale of the real estate by the testatrix to Crosby. The vendees had paid all that could be required of them before the giving of a deed to them of the land by the heirs of the testatrix, when a bond and mortgage was to be given for the unpaid purchase money. But the heirs would not voluntarily give the necessary deed, and hence the administrator could not collect or receive the remainder of the purchase money of the land. Hence, his only course was to enforce by action in equity a specific performance of the contract by the parties thereto or their representatives. The administrator therefore had an interest in this contract which he could enforce by action in equity.

The ownership by a wife of real estate constitutes in law a separate estate.

The husband may or may not have an interest in this real estate as tenant by curtesy. The demurrer in this case is on behalf of the husband of testatrix, her heir and his wife. If the demurrer is bad as to the heir it was properly overruled.

Under the facts in the case a tender of a deed was not requisite to the bringing of this action. The administrator could not give the deed. The heir will not. The vendee cannot be compelled to pay without the deed. No other course is possible than to compel by equity the performance of the contract, so that all parties may have the interests to which they are entitled. Any other conclusion would result in gross injustice and might often thwart the wishes and wills of testators, and destroy the rights of devisees or legatees under last wills.

The order and judgment appealed from should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.